**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAWN M. VERMEULEN, | No.    16-35374 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05400-BAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted May 9, 2018
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and TUNHEIM,[**] Chief District Judge.

Dawn Vermeulen appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for Disability

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291.

The ALJ provided specific, clear and convincing reasons for concluding that Vermeulen's subjective symptom testimony was not credible, including evidence that Vermeulen engaged in activities such as cooking, cleaning, grocery shopping, handling finances, completing personal hygiene, taking care of her son, driving to and attending her son's sporting events, mowing the lawn, walking, riding a bike, watching movies, and weight lifting. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Although Vermeulen argued that her ability to engage in these activities of daily living varied from day to day, "[w]here evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks omitted).

In declining to credit the degree of impairment claimed by Vermeulen, the ALJ also relied on evidence of Vermeulen's unwillingness to pursue various forms of treatment, including declining different types of medication and alternative suggested treatments such as physical therapy, cognitive behavioral therapy, Tai Chi, and exercise. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Evidence that Vermeulen was not motivated to seek recommended treatments "is powerful evidence regarding the extent to which she was in pain," *id.*, thus

2

supporting the ALJ's adverse credibility determination. Although we have held that the failure to obtain medical treatment cannot be a basis for an adverse credibility finding if the claimant could not afford treatment, *see Orn*, 495 F.3d at 638, the ALJ could reasonably conclude that this rationale is not applicable to recommended treatments such as exercise and Tai Chi which could be obtained at low cost.

The ALJ did not err in weighing the various medical opinions. The ALJ gave specific and legitimate reasons for rejecting Dr. Nguyen's opinion because it was inconsistent with other evidence in the record and because Dr. Nguyen failed to provide a basis for many of the indicated functional limitations. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ gave germane reasons for giving limited weight to the opinion of chiropractor Nicholas Peck because it was inconsistent with treatment records and with Vermeulen's reported daily activities. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163–64 (9th Cir. 2008). The ALJ gave proper weight to the opinions of Dr. Sapp and Dr. Staley because they were consistent with evidence in the record,

including the objective imaging data and the opinions of several of the treating and examining physicians.[1]

The ALJ did not err in framing the hypothetical question to the vocational expert or in the residual functional capacity finding because the ALJ could exclude limitations based on Vermeulen's non-credible testimony and on medical sources that the ALJ had rejected. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

The new medical evidence provided to the Appeals Council was consistent with the ALJ's findings and therefore does not compel the conclusion that the ALJ's findings were not supported by substantial evidence.

**AFFIRMED.**

---

[1] We do not address Vermeulen's argument that the ALJ failed to properly evaluate fifteen or so other medical opinions because she does not clearly and distinctly argue how the ALJ erred. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).